**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION**

PATRICIA WILLIAMS,                      )
                                        )
                Plaintiff,              )
                                        )
        v.                              )          No. 4:23-CV-1517 SRW
                                        )
FORT ZUMWALT SCHOOL DISTRICT,           )
                                        )
                Defendant.              )

## MEMORANDUM AND ORDER

Before the Court is self-represented Plaintiff Patricia Williams' motion to proceed in forma pauperis. After reviewing plaintiff's financial information, the Court will grant Plaintiff's motion. However, Plaintiff will be required to amend her complaint on a court-provided form within twenty-one (21) days from the date of this Memorandum and Order. Plaintiff's failure to do so will result in dismissal of this action, without prejudice.

### Legal Standard on Initial Review

Under 28 U.S.C. § 1915(e)(2), the Court is required to dismiss a complaint filed in forma pauperis if it is frivolous, malicious, or fails to state a claim upon which relief can be granted. To state a claim, a plaintiff must demonstrate a plausible claim for relief, which is more than a "mere possibility of misconduct." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. at 678. Determining whether a complaint states a plausible claim for relief is a context-specific task that requires the reviewing court to draw upon judicial experience and common sense. *Id*. at 679. The court must "accept as true the facts alleged, but not legal conclusions or threadbare recitals of the

elements of a cause of action, supported by mere conclusory statements." *Barton v. Taber*, 820 F.3d 958, 964 (8th Cir. 2016). *See also Brown v. Green Tree Servicing LLC*, 820 F.3d 371, 372-73 (8th Cir. 2016) (stating that court must accept factual allegations in complaint as true but is not required to "accept as true any legal conclusion couched as a factual allegation").

When reviewing a pro se complaint under § 1915(e)(2), the Court must give it the benefit of a liberal construction. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). A "liberal construction" means that if the essence of an allegation is discernible, the district court should construe the plaintiff's complaint in a way that permits his or her claim to be considered within the proper legal framework. *Solomon v. Petray*, 795 F.3d 777, 787 (8th Cir. 2015). However, even pro se complaints are required to allege facts which, if true, state a claim for relief as a matter of law. *Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980). *See also Stone v. Harry*, 364 F.3d 912, 914-15 (8th Cir. 2004) (stating that federal courts are not required to "assume facts that are not alleged, just because an additional factual allegation would have formed a stronger complaint"). In addition, affording a pro se complaint the benefit of a liberal construction does not mean that procedural rules in ordinary civil litigation must be interpreted so as to excuse mistakes by those who proceed without counsel. *See McNeil v. United States*, 508 U.S. 106, 113 (1993).

### The Complaint

Plaintiff Patricia Williams filed this employment discrimination action on November 28, 2023, pursuant to Title VII of the Civil Rights Act of 1964 (Title VII), as amended, 42 U.S.C. §§ 2000e, *et seq.,* the Age Discrimination in Employment Act of 1967, (ADEA), 29 U.S.C. §§ 621, *et seq.*, the Americans with Disabilities Act of 1990, (ADA), 42 U.S.C. §§ 12101, *et seq.,* and the Rehabilitation Act of 1973 (Rehab Act), 29 U.S.C. §§ 701, *et seq*.

Plaintiff brings this action against her former employer, Fort Zumwalt School District, alleging race discrimination, as well as retaliation, harassment, and termination of her employment. Plaintiff, however, has failed to indicate her race in her complaint. Plaintiff also sues for disability discrimination; however, she has failed to indicate her purported disability. Although Plaintiff has checked the box for discrimination under the ADEA, she has not checked the age discrimination box on page 5 of the form complaint or noted her age.

Plaintiff was employed at the Fort Zumwalt School District. She claims that on February 23, 2023, she walked in on a conversation that five Caucasian employees were having about a "unlive carjacking" from September 19, 2023.[1] She asserts that she responded that "it will make you (me) want to get a [l]icense to carry a weapon in my vehicle to protect myself because carjacking is at a all time high."

Plaintiff asserts that the next day, on February 24, 2023, she received a call on the company radio from Audrey Coleman, to report to a meeting with Jeff Schwepker, the Director of the Transportation Department. Plaintiff met with Mr. Schwepker in his office around 9:15 a.m., where he asked Plaintiff if she had a gun in her vehicle. She responded, "No." Mr. Schwepker told Plaintiff that another bus driver had come to him to report that she felt afraid of Plaintiff and uncomfortable working with her. Mr. Schwepker asked Plaintiff to take the afternoon shift off with pay. Plaintiff states that she was asked to be off until further notice.

Plaintiff alleges that on September 26, 2023, at 7:00 p.m., she received a text from Mr. Schwepker indicating she should not report to work until further notice. However, she would be paid during this time period.

---

[1]Although Plaintiff's complaint denotes events occurring in February and September of 2023. (ECF No. 1, at 5-6). The Court believe Plaintiff may have accidentally typed the wrong month for some of these events.

On September 28, 2023, at noon, Plaintiff received a call from the District requesting that she report for a company meeting at 1:00 p.m. Plaintiff and her sister went to the school, and she met with Mr. Schwepker, Dr. Same, and Erin Williams. Dr. Same advised Plaintiff that five employees repeatedly advised Mr. Schwepker they were uncomfortable working with Plaintiff.

In a letter Plaintiff has attached to her complaint addressed to her from Dr. Paul Myers, Superintendent-Elect from the Fort Zumwalt School District. ECF No. 1-3. The letter indicates that "several other incidents" were also discussed at the meeting, including the fact that there were allegations that a student air-dropped photos to Plaintiff's personal cellphone, someone tried to break into Plaintiff's car to break her transmission, and propane was leaking and getting under her car causing a strong odor. These allegations had been investigated by Mr. Schwepker but had been unsubstantiated. The letter terminated Plaintiff's employment effective March 1, 2023.

Plaintiff has failed to fill out the section marked "Request for Relief" in her complaint.

**Discussion**

Plaintiff Patricia Williams filed this employment discrimination action on November 28, 2023, pursuant to Title VII of the Civil Rights Act of 1964 (Title VII), as amended, 42 U.S.C. §§ 2000e, *et seq.,* the Age Discrimination in Employment Act of 1967, (ADEA), 29 U.S.C. §§ 621, *et seq.*, the Americans with Disabilities Act of 1990, (ADA), 42 U.S.C. §§ 12101, *et seq.,* and the Rehabilitation Act of 1973 (Rehab Act), 29 U.S.C. §§ 701, *et seq*. Because her complaint lacks several essential elements, the Court will require her to amend her pleading.

Plaintiff has not included a copy of her EEOC Charge of Discrimination with her complaint, the Court is unable to ascertain if Plaintiff has fully exhausted her administrative remedies with respect to her claims. Title VII, the ADA, and the ADEA requires that an

4

administrative claim be filed and resolved prior to bringing a judicial action on the same claim. *See Richter v. Advance Auto Parts, Inc.,* 686 F.3d 847, 850 (8th Cir. 2012); 42 U.S.C. § 2000e-5(e)(1); *See* 42 U.S.C. § 12117(a) (incorporating by reference 42 U.S.C. § 2000e-5(e)(1) outlining charge requirements); *Shelton v. Boeing Co.*, 399 F.3d 909, 912 (8th Cir. 2005). In other words, the claims Plaintiff asserts in the instant federal complaint must be like or reasonably related to the claims outlined in her charge of discrimination, or they will be subject to dismissal for failure to exhaust administrative remedies. *See Duncan v. Delta Consolidated Indus., Inc.,* 371 F.3d 1020, 1024 (8th Cir. 2004).

Although Plaintiff includes claims for disability discrimination and race discrimination, she has not included either her race or her purported disability in the body of her complaint. To allege a race discrimination claim, Plaintiff must allege that she is a member of a protected class, she was meeting the employer's legitimate job expectations, she suffered an adverse employment action, and she was treated differently than similarly situated employees who were not members of her protected class. *Jackman v. Fifth Judicial Dist. Dep't. of Corr. Servs.,* 728 F.3d 800, 804 (8th Cir. 2013). Thus, not only must Plaintiff articulate in her amended complaint what her race was, how she was racially discriminated against, and how she believes she was meeting the employer's legitimate job expectations, but she should also articulate in her amended complaint how she believes she was treated differently than those who were not of her same race but were not terminated for acting similarly.

To state a prima facie ADA claim, a plaintiff is required to demonstrate that "1) [s]he is a person with a disability as defined by statute; 2) [s]he is otherwise qualified for the benefit in question; and 3) [s]he was excluded from the benefit due to discrimination based upon disability." *Randolph v. Rogers*, 170 F.3d 850, 858 (8th Cir. 1999). Plaintiff must not only

articulate in her amended complaint what her purported disability is, but she must also indicate

what her job was at Fort Zumwalt School District, that she was meeting the employer's

legitimate job expectations, and that she was discriminated against by her employer because of

her alleged disability.

Additionally, although she has checked the box for discrimination under the ADEA, she

has not indicated that she was discriminated on the basis of her age or included her age in her

complaint. To state a prima facie claim for age discrimination, a plaintiff must show she: "(1)

was at least 40 years old; (2) was qualified for the position; (3) suffered an adverse employment

action; and (4) was rejected for someone sufficiently younger." *Aulick v. Skybridge Americas,*

*Inc.*, 860 F.3d 613, 621 (8th Cir. 2017) (citing *Ramlet v. E.F. Johnson Co.*, 507 F.3d 1149, 1153

(8th Cir. 2007)). If Plaintiff believes she was discriminated on the basis of her age, then she must

articulate in her amended complaint what age she was at the time of her adverse employment

action and that she was rejected for or replaced by someone younger.

Plaintiff has not alleged from what purported disability she was suffering that caused the

alleged discrimination at Fort Zumwalt School District. She has also not articulated what

accommodations she sought from her employer, and if she was discriminated against for seeking

such accommodations. To the extent Plaintiff alleges that she was discriminated against on the

basis of a disability, Plaintiff must allege who at Fort Zumwalt failed to accommodate her

disability, from whom she sought the accommodations, and when she did so. Plaintiff must also

identify if there were others with her alleged disability at Fort Zumwalt who asked for

accommodations and were given some accommodations.

Plaintiff has included all of her claims in a general description in response to Paragraph

12. The Court is unable to ascertain if her Title VII claims include her termination of

6

employment, retaliation, and harassment claims, or if these claims should be included within her ADEA claims or ADA claims. Plaintiff may, of course, plead alternative theories for relief. In other words, if she wishes to plead employment discrimination or retaliation based on her race, disabilities, age, or some other protected status, she may do so. However, she must make each claim clear in her amended complaint. Plaintiff's claims, however, must also match the claims within her EEOC Charge of Discrimination.

Finally, Plaintiff must fill in the portion of her complaint titled, "Request for Relief." This portion of Plaintiff's complaint was left blank, and as such, the complaint is currently not fully completed.[2] For these reasons, Plaintiff will be required to amend her complaint on a court-provided form for filing an employment discrimination action. Plaintiff must follow Rules 8 and 10 of the Federal Rules of Civil Procedure in preparing her complaint. Her self-represented status does not excuse her from following the Federal Rules of Civil Procedure or the Local Rules of this Court. *See Ackra Direct Mktg. Corp. v. Fingerhut Corp.*, 86 F.3d 852, 856-57 (8th Cir. 1996).

Rule 8 requires Plaintiff to set forth a short and plain statement of each of her claims showing entitlement to relief, and Rule 8 also requires that each averment be simple, concise, and direct. Rule 8(a)(2) sets forth a "notice pleading standard" and simply requires "a short and plain statement of the claim showing that the pleader is entitled to relief." "Such a statement must simply give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 512 (2002).

Rule 10(b) requires Plaintiff to state her claims in separately numbered paragraphs, each limited as far as practicable to a single set of circumstances. Each count shall then set forth in

---

[2]Page 8 of the court-provided Employment Discrimination Complaint is missing from Plaintiff's complaint. Plaintiff must sign her amended complaint form under penalty of perjury.

separate, numbered paragraphs: 1) the relevant facts supporting the claim; 2) the constitutional, statutory, or other right that defendant violated; and 3) the relief plaintiff seeks for the claim (for example, money damages or equitable relief). Plaintiff shall follow the same format with respect to each claim. In stating the facts of a claim, Plaintiff must describe the conduct she alleges is unlawful and the date or dates such conduct occurred, if known. In other words, Plaintiff must describe the adverse employment action or actions she believes was taken, when it was taken, why it amounted to discrimination or other unlawful conduct, and the basis for such discrimination or unlawful conduct, that is, race, disability, age, etc. As noted above, if she believes she was discriminated against based on her race, she must note her race on the face of her amended complaint.

Plaintiff must also attach a complete copy of her EEOC Charge of Discrimination. This document will be considered a part of the amended complaint for all purposes. Fed. R. Civ. P. 10(c). The Court will direct the Clerk of Court to provide Plaintiff with another Employment Discrimination Complaint form. Plaintiff will have twenty-one (21) days from the date of this Memorandum and Order to file an amended complaint on the form provided. The amended complaint must be signed under penalty of perjury and completed in accordance with the instructions provided in the form as well as the instructions provided in this Memorandum and Order. Plaintiff is cautioned that the filing of an amended complaint completely replaces all earlier filed complaints in this action. Claims that are not alleged in the amended complaint are deemed abandoned. *E.g., In re Wireless Tel. Fed. Cost Recovery Fees Litig.*, 396 F.3d 922, 928 (8th Cir. 2005).

After the filing of Plaintiff's amended complaint, the Court will review the amended complaint pursuant to 28 U.S.C. § 1915 for frivolousness, maliciousness and/or failure to state a claim. A claim must survive § 1915 review for Plaintiff to proceed in this lawsuit.

**Motion for Appointment of Counsel**

Plaintiff has filed a motion to appoint counsel. [ECF No. 3]. The motion will be denied at this time. In civil cases, a pro se litigant does not have a constitutional or statutory right to appointed counsel. *Ward v. Smith*, 721 F.3d 940, 942 (8th Cir. 2013). *See also Stevens v. Redwing*, 146 F.3d 538, 546 (8th Cir. 1998) (stating that "[a] pro se litigant has no statutory or constitutional right to have counsel appointed in a civil case"). Rather, a district court may appoint counsel in a civil case if the court is "convinced that an indigent plaintiff has stated a non-frivolous claim…and where the nature of the litigation is such that plaintiff as well as the court will benefit from the assistance of counsel." *Patterson v. Kelley*, 902 F.3d 845, 850 (8th Cir. 2018). When determining whether to appoint counsel for an indigent litigant, a court considers relevant factors such as the complexity of the case, the ability of the pro se litigant to investigate the facts, the existence of conflicting testimony, and the ability of the pro se litigant to present his or her claim. *Phillips v. Jasper Cty. Jail*, 437 F.3d 791, 794 (8th Cir. 2006).

After reviewing these factors, the Court finds that the appointment of counsel is not warranted at this time. Plaintiff has demonstrated, at this point, that she can adequately present her claims to the Court. Additionally, neither the factual nor the legal issues in this case appear to be complex. The Court will entertain future motions for appointment of counsel as the case progresses.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's motion to proceed in forma pauperis [ECF No. 2] is **GRANTED.**

**IT IS FURTHER ORDERED** that the Clerk of Court shall mail Plaintiff a court-form for filing an Employment Discrimination Complaint.

**IT IS FURTHER ORDERED** that Plaintiff shall file an amended complaint, within **twenty-one (21) days** of the date of this Order, on the Court-provided Employment Discrimination Complaint form in accordance with the instructions set forth in that form and in this Memorandum and Order. Plaintiff shall attach to her amended complaint a copy of her EEOC Charge of Discrimination, her right to sue letter, and any other documents she deems appropriate.

**IT IS FURTHER ORDERED** that Plaintiff's motion for appointment of counsel [ECF No. 3] is **DENIED AT THIS TIME**.

**IT IS FURTHER ORDERED** that if Plaintiff fails to timely file her amended complaint, in compliance with this Court's Order, this case will be dismissed, without prejudice.

Dated this 19th day of December, 2023.

_____
STEPHEN R. WELBY
UNITED STATES MAGISTRATE JUDGE