UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| PATRICIA WILLIAMS, | ) |
| Plaintiff, | ) ) ) |
| v. | ) Case No. 4:23-CV-1517 SRW |
| FORT ZUMWALT SCHOOL DISTRICT, | ) ) ) |
| Defendant. | ) ) |

## MEMORANDUM AND ORDER

Before the Court is Plaintiff Patricia William's amended complaint. [ECF No. 6]. After reviewing the amended complaint submitted by Plaintiff, however, the Court will provide Plaintiff an additional twenty-one (21) days to submit a second amended complaint in this action. Plaintiff will also be required to submit copies of her Charges of Discrimination from both the Equal Employment Opportunity Commission (EEOC) and the Missouri Commission on Human Rights (MCHR). Plaintiff's failure to do so will result in a dismissal of this action for failure to comply with a Court Order.

**Background and Amended Complaint**

Plaintiff Patricia Williams filed this employment discrimination action on November 28, 2023, pursuant to Title VII of the Civil Rights Act of 1964 (Title VII), as amended, 42 U.S.C. §§ 2000e, *et seq.,* the Age Discrimination in Employment Act of 1967, (ADEA), 29 U.S.C. §§ 621, *et seq.,* the Americans with Disabilities Act of 1990, (ADA), 42 U.S.C. §§ 12101, *et seq.,* and the Rehabilitation Act of 1973 (Rehab Act), 29 U.S.C. §§ 701, *et seq.* [ECF No. 1]. Plaintiff filed this action against her former employer, Fort Zumwalt School District, and against supervisors Jeremy Moore (Asst. Superintendent) and Jeff Schwepker (Director of Transportation). *Id*. She alleged claims for race discrimination, as well as retaliation, harassment, and termination of her

employment. Because Plaintiff was proceeding in forma pauperis in this matter, the Court reviewed her complaint on December 19, 2023, for frivolousness, maliciousness and failure to state a claim. [ECF No. 5]. The Court ordered Plaintiff to amend her complaint on a Court-provided form due to several problems with Plaintiff's original complaint. *Id.*

First, Plaintiff had failed to indicate her race in the body of her complaint. Additionally, although she was suing for disability discrimination, she had failed to indicate her alleged disability in her complaint. Furthermore, although Plaintiff checked the box for age discrimination under the ADEA, she had failed to note her age in her complaint. Last, Plaintiff had failed to include copies of her Charges of Discrimination with her complaint.[1] Accordingly, the Court was unable to review whether Plaintiff had properly exhausted her administrative remedies with respect to her claims by first allowing the administrative agency to review her allegations.

On January 4, 2024, Plaintiff filed an amended complaint on a Court-provided form along with a plethora of attachments to her complaint.[2] [ECF No. 5]. Plaintiff's filing numbers sixty-two (62) pages in length. In her amended complaint, Plaintiff once again brings claims against her former employer Fort Zumwalt School District, as well as supervisors, Jeremy Moore and Jeff Schwepker.

Plaintiff's claims arise under Title VII, the ADEA, the ADA, the Rehab Act, and Employee Retirement Income Security Act of 1974 (ERISA). She alleges claims for race discrimination, religious discrimination, disability discrimination, as well as retaliation, harassment, failure to

---

[1] In her amended complaint, plaintiff states that she filed a Charge of Discrimination with the Missouri Commission on Human Rights (MCHR) on March 17, 2023. She also indicates that she filed a Charge of Discrimination with the Equal Employment Opportunity Commission (EEOC) on June 8, 2023. *See* ECF No. 6, p. 3.

[2] Plaintiff includes personal identifying information within several attachments filed with her amended complaint in direct contravention of Local Rule 2.17(A), (B). As a result, the Court has placed the amended complaint under seal.

promote, failure to accommodate her disability, workers' compensation retaliation and termination of her employment. The claims in the "Statement of Claim" in the amended complaint differ significantly from the factual assertions contained in the original complaint.

Plaintiff was employed at the Fort Zumwalt School District as a bus driver. She states that she was treated unfavorably after making a workers' compensation claim relating to her job at Fort Zumwalt High School. Specifically, Plaintiff alleges that when she returned to her employment at Fort Zumwalt with work restrictions, things took a negative turn. Plaintiff states that she was treated unfavorably due to her "restriction duty." For example, on page 4 of her amended complaint, Plaintiff alleges that she was "[w]ritten up for attendance on days [she] was not there without pay, and for parking closer to trailer to clock in on time due to hip and back pain that was job related injury when it was accept[able] for other driver that didn't have job related injury."

Additionally, she alleges that when she returned to "regular duty," five employees submitted complaints about her to her bosses. Plaintiff, however, does not elaborate as to what the alleged complaints about her from other employees entailed. Plaintiff also complains about trainer, Angela Brown, who purportedly told Plaintiff in September of 2019 that she would "get [her] ass out of the company." However, she does not indicate if Brown was one of the alleged five employees who filed complaints about Plaintiff, or if Brown's complaints led to Plaintiff's termination from her employment.

Plaintiff also asserts that on or about February 8, 2022, a student air-dropped photos to her personal cellphone. Plaintiff, however, has not alleged how the purported "airdrop" incident had any bearing on her termination from Fort Zumwalt.

Last, Plaintiff complains that during her termination meeting with Jeff Schwepker and Executive Director Erin Williams, Schwepker complained that Plaintiff contacted him on his cellphone regarding her personal issues with other employees at Fort Zumwalt. Plaintiff has

appended her termination letter from Dr. Paul Meyers, the Superintendent-Elect, dated April 4, 2023, to her amended complaint. These issues were not mentioned in the termination letter.

In her "Request for Relief," Plaintiff states that she would like for the Court to hold the person who airdropped photos to her personal cellphone responsible for their actions. She also asks that the Court require Fort Zumwalt "release" the proffered severance package from Fort Zumwalt that was purportedly written in her school year contract as of "2-2023 thru [sic] 05-2023." Plaintiff additionally complains that she was never provided post-dismissal benefits under the Consolidated Omnibus Budget Reconciliation Act (COBRA) from Fort Zumwalt. Plaintiff has not indicated that she is seeking monetary relief in this action.

**Legal Standard on Initial Review**

Under 28 U.S.C. § 1915(e)(2), the Court may dismiss a complaint filed in forma pauperis if the action is frivolous or malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. When reviewing a complaint filed by a self-represented person under 28 U.S.C. § 1915, the Court accepts the well-pleaded facts as true, *White v. Clark*, 750 F.2d 721, 722 (8th Cir. 1984), and it liberally construes the complaint. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Haines v. Kerner*, 404 U.S. 519, 520 (1972). A "liberal construction" means that if the essence of an allegation is discernible, the district court should construe the plaintiff's complaint in a way that permits the claim to be considered within the proper legal framework. *Solomon v. Petray*, 795 F.3d 777, 787 (8th Cir. 2015). However, even self-represented plaintiffs are required to allege facts which, if true, state a claim for relief as a matter of law. *Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980); *see also Stone v. Harry*, 364 F.3d 912, 914-15 (8th Cir. 2004) (refusing to supply additional facts or to construct a legal theory for the self-represented plaintiff).

To state a claim for relief, a complaint must plead more than "legal conclusions" and "[t]hreadbare recitals of the elements of a cause of action [that are] supported by mere conclusory statements." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A plaintiff must demonstrate a plausible claim for relief, which is more than a "mere possibility of misconduct." *Id.* at 679. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678. Determining whether a complaint states a plausible claim for relief is a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. *Id*. at 679.

**Discussion**

As set forth above, Plaintiff was instructed in the Court's Memorandum and Order issued on December 19, 2023, to not only amend her pleading in this matter, but also to attach copies of her Charges of Discrimination and her Notice of Right to Sue from the EEOC. Nonetheless, Plaintiff has failed to comply with the Court's Order in that she has failed to provide copies of her Charges of Discrimination purportedly filed on March 17, 2023, and June 8, 2023. *See* ECF No. 6, at 3.

Administrative remedies are exhausted by the timely filing of a Charge of Discrimination and the receipt of a Notice of Right to Sue. *See Williams v. Little Rock Mun. Water Works*, 21 F.3d 218, 222 (8th Cir.1994). The completion of that two-step process constitutes exhaustion only as to those allegations set forth in the Charges of Discrimination and those claims that are reasonably related to such allegations. *See id.* ("A plaintiff will be deemed to have exhausted administrative remedies as to allegations contained in a judicial complaint that are like or reasonably related to the substance of charges timely brought before the EEOC."); *see also Paskert v. Kemna-ASA Auto Plaza, Inc.,* 950 F.3d 535, 539 (8th Cir. 2020). Without copies of Plaintiff's Charges of Discrimination, the Court is unable to ascertain which of Plaintiff's claims in her lawsuit are "like

or reasonably related to" the claims in her Charges of Discrimination. To that end, the Court will provide Plaintiff *one additional opportunity* to provide copies of her Charges of Discrimination. She will have twenty-one (21) days to do so. Her failure to provide her Charges of Discrimination will result in a dismissal of this lawsuit, without prejudice, due to her failure to comply with a Court Order.

The Court next addresses the plethora of Plaintiff's claims in her amended complaint. Plaintiff's claims in her amended pleading in pages one through four of the Court-provided form do not match the allegations as stated in her "Statement of Claim" section of the amended complaint. She has indicated that she is seeking relief under Title VII for race and religious discrimination, the ADEA for age discrimination, the ADA for disability discrimination/failure to accommodate, the Rehab Act for disability discrimination/failure to accommodate and Employee Retirement Income Security Act of 1974 (ERISA) for failure to provide her post-dismissal benefits under COBRA. Plaintiff also states that she is asserting a claim for workers' compensation retaliation.[3] Moreover, Plaintiff has checked the boxes for failure to promote,[4] retaliation[5] and

---

[3]Plaintiff's amended complaint is devoid of allegations surrounding her purported workers' compensation retaliation claim. In Missouri, causation for such a claim requires employees to demonstrate their decision to seek benefits had a "determinative influence" on the decision by the employer to terminate their employment. Mo. Rev. Stat. § 287.780; *see also Wey v. Dyno Nobel, Inc.,* 81 S.W.3d 208, 211 (Mo. App. S.D. 2002) (reversing a grant of summary judgment where "the record on appeal contains competent evidence of two possible, but contradictory, reasons" for a discharge).

[4]Plaintiff has failed to indicate the purported date that Fort Zumwalt purportedly failed to promote her, as well as the alleged job title she was not promoted to. If she wishes to include these allegations in her second amended complaint, she must set forth facts relative to this purported occurrence. A failure to promote is a discrete discriminatory act, and the Eighth Circuit has held that a claim accrues on "the date on which the adverse employment action is communicated to plaintiff." Thus, Plaintiff should properly allege in her second amended complaint the date she learned of the purported failure to promote. *See Nat'l R.R. Passenger Corp. v. Morgan,* 536 U.S. 101, 113 (2002) and *Dring v. McDonnell Douglas Corp.,* 58 F.3d 1323, 1327-28 (8th Cir. 1995).

[5]To establish a prima facie case of retaliation, an employee-plaintiff must show that "(1) she engaged in protected conduct, (2) she suffered a materially adverse employment act, and (3) the adverse act was causally linked to the protected conduct." *See Bunch v. Univ. of Ark. Bd. of Trs.,* 863 F.3d 1062, 1069 (8th Cir. 2017). "An adverse employment action is a tangible change in working conditions that produces a material employment disadvantage." *Clegg v. Ark. Dep't of Corr.,* 496 F.3d 922, 926 (8th Cir. 2007);

harassment.[6] However, she has not indicated the statutory basis for these claims, *i.e.,* whether she is bringing her claims under Title VII, the ADA, the ADEA or another statute. As written, there are several difficulties with Plaintiff's claims.

Plaintiff has still not identified her race in the body of her amended complaint, nor has she alleged that an employment action was taken against her due to her race. Similarly, although Plaintiff brings claims for religious discrimination in her amended complaint, she has also not included facts regarding her purported religion or how the exercise of that religion was affected. Thus, she has not properly pled a prima facie case for race or religious discrimination.[7] Additionally, Plaintiff has not alleged that she suffers from a recognized disability or that a

---

*see also Jackman v. Fifth Jud. Dist. Dep't of Corr. Servs.,* 728 F.3d 800, 804 (8th Cir. 2013) (characterizing "termination, cuts in pay or benefits, and changes that affect an employee's future career prospects" as adverse employment actions). To set forth a claim of retaliation, Plaintiff must allege in her second amended complaint claims of not only protected conduct, but also that her employer took an adverse employment action because she engaged in such conduct.

[6]To state a prima facie case of hostile work environment based on sexual harassment, for instance, a plaintiff must allege that: (1) she is a member of a protected group, (2) she was subjected to unwelcome sexual harassment, (3) the harassment was based on sex, and (4) the harassment affected a term, condition, or privilege of her employment. *LeGrand v. Area Resources for Community and Human Services*, 394 F.3d 1098, 1101 (8th Cir. 2005). For an atmosphere of sexual harassment or hostility to be actionable, "the offending behavior must be sufficiently severe or pervasive to alter the conditions of the victim's employment and create an abusive working environment." *Pa. State Police v. Suders,* 542 U.S. 129, 147 (2004). To be considered sufficiently severe or pervasive, the conduct complained of must create an environment that a reasonable person would find hostile or abusive. *Duncan v. General Motors Corp.,* 300 F.3d 928, 934 (8th Cir. 2002). To be actionable, conduct must be both subjectively and objectively offensive, as well as "extreme in nature and not merely rude or unpleasant." *Southerland v. Mo. Dep't of Corr.,* 580 F.3d 748, 751 (8th Cir. 2009) (citations omitted). To determine whether a work environment is hostile and abusive, the Court examines the totality of the circumstances, including the frequency of the discriminatory conduct, its severity, whether it is physically threatening or humiliating, or mere offensive utterance, and whether it unreasonably interferes with an employee's job performance. *Cross v. Prairie Meadows Racetrack & Casino, Inc.,* 615 F.3d 977, 981 (8th Cir. 2010).

[7]To properly allege a prima facie case of race discrimination, a plaintiff is required to allege that she: (1) is a member of a protected group; (2) was meeting the legitimate expectations of the employer; (3) suffered an adverse employment action; (4) under circumstances permitting an inference of discrimination*. Clegg*, 496 F.3d at 926. To properly allege a prima facie case of religious discrimination, a plaintiff must show she (1) has a bona fide religious belief that conflicts with an employment requirement, (2) she informed the employer of such conflict, and (3) she suffered an adverse employment action as a result. *Ollis v. HearthStone Homes, Inc.,* 495 F.3d 570, 575 (8th Cir. 2007)

discriminatory action was taken due to her disability or because she asked for accommodations for that disability.[8] Thus, she has not properly alleged claims for disability discrimination or failure to accommodate under the ADA or the Rehab Act. Plaintiff has also not alleged that an adverse employment action was taken against her because of her age.[9] As a result, she has not properly alleged a claim under the ADEA.

Furthermore, as Plaintiff was informed in the Court's December 19, 2023 Memorandum and Order, the federal discrimination statutes provide a remedy only against an employer. *See Bonomolo-Hagen v. Clay Central-Everly Cmty. Sch. Dist.,* 121 F.3d 446, 447 (8th Cir. 1997); *Bales v. Wal-Mart Stores Inc.,* 143 F.3d 1103, 1111 (8th Cir. 1998); *Walsh v. Nevada Dept. of Human Resources*, 471 F.3d 1033, 1037-38 (9th Cir. 2006) (collecting cases relative to no individual liability under the ADA).[10] Thus, Plaintiff cannot bring claims under Title VII, the

---

[8]To state a prima facie ADA claim, a plaintiff is required to demonstrate that 1) she is a person with a disability as defined by statute; 2) she is otherwise qualified for the benefit in question; and 3) she was excluded from the benefit due to discrimination based upon disability." *Randolph v. Rogers*, 170 F.3d 850, 858 (8th Cir. 1999). To the extent Plaintiff is merely alleging a failure to accommodate theory of disability discrimination, she must prove not only a prima facie face of disability discrimination, but also that she requested accommodations or assistance for her disability and that defendant denied the accommodations. *Powley v. Rail Crew Xpress, LLC*, 25 F.4th 610, 612 (8th Cir. 2022). The ADA defines a disability as a physical or mental impairment that substantially limits one or more of the major life activities of an individual, a record of such impairment, or being regarded as having such an impairment. *Kozisek v. County of Seward*, 539 F.3d 930, 934 (8th Cir.2008). As noted above, Plaintiff has failed to identify her purported disability in her amended complaint. Additionally, she has also failed to allege that she was otherwise qualified for her job duties, regardless of the alleged disability, and that Fort Zumwalt excluded her from those duties because of her disability. Furthermore, she has failed to indicate that she sought an accommodation for her alleged disability and that the requested accommodation was denied by defendant.

[9]To properly allege a prima facie case under the ADEA, a plaintiff must purport that: (1) she is over 40; (2) she was qualified for the position; (3) she suffered an adverse employment action; and (4) substantially younger, similarly situated employees were treated more favorably. *Anderson v. Durham D & M, L.L.C.,* 606 F.3d 513, 523 (8th Cir. 2010). Plaintiff has failed to include any details in her amended complaint relative to a similarly situated younger employee who was allegedly treated more favorably than she was.

[10]Although the Eighth Circuit Court of Appeals has not explicitly decided whether individuals are "employers" that can be held liable under the ADEA, the statute and caselaw are persuasive in this respect. Because the Eighth Circuit has determined that Title VII and the ADEA define "employer" in a "substantially identical manner," *Lenhardt v. Basic Institute of Technology, Inc.,* 55 F.3d 377, 380 (8th

ADA, the ADEA or the Rehab Act against her past supervisors, as supervisors cannot be held individually liable. Thus, when submitting a second amended complaint, Plaintiff should choose wisely before listing any individuals as defendants in this action.

Last, based on Plaintiff's statement in her "Request for Relief," it appears she is attempting to bring an ERISA claim based on defendant's violation of the Consolidated Omnibus Budget Reconciliation Act (COBRA) for purportedly failing to notify her of a right to continue health care coverage after her termination from Fort Zumwalt. *See* 29 U.S.C. §§ 1163(2), 1166(a)(4)(A), (c). However, Plaintiff has failed to provide any facts relative to this claim, such as whether she was receiving health benefits from Fort Zumwalt prior to her termination, whether she received paperwork from Fort Zumwalt or their plan administrator regarding continuation of such benefits after her termination and if she had provided Fort Zumwalt with her updated address to facilitate such exchanges.

Because Plaintiff is proceeding pro se, the Court will allow Plaintiff to amend her pleading. *See Munz v. Parr*, 758 F.2d 1254 (8th Cir. 1985) (discussing how a court should give a pro se Plaintiff a statement of the complaint's deficiencies and a chance to amend the complaint). Plaintiff will be required to amend her complaint on a Court-provided Employment Discrimination Complaint form. In amending her complaint, Plaintiff should take care to set forth her claims for relief in accordance with the Federal Rules of Civil Procedure and this Court's Local Rules. *See* Fed.R.Civ.P. 8 and 10; Local Rule 2.06(A).

---

Cir. 1995), the Eighth Circuit would likely conclude that individual liability cannot be imposed under the ADEA. *See Stevenson v. Brod Dugan Paint and Wall Coverings*, 934 F. Supp. 1131, 1133 (E.D. Mo. 1996) ("although the Eighth Circuit has yet to definitely state that…individual liability cannot be imposed under…the ADEA, its holdings [in other cases] clearly indicate that such a holding will ultimately be made"); *see also Lyons-Belisle v. American Wholesale Florists of Kansas City, Inc.,* 2016 WL 4443186, at *3 (W.D. Mo. Aug. 19, 2016) and *Bartunek v. eFrame, LLC,* 2016 WL 5854215, at *1 (D. Neb. Oct. 6, 2016).

**Instructions for Filing an Amended Complaint**

Plaintiff shall file a second amended complaint on the Court's Employment Discrimination form. Plaintiff is warned that the filing of the second amended complaint replaces the original complaint, the amended complaint and all supplements, and so it must include all claims Plaintiff wishes to bring. *E.g.*, *In re Wireless Tele. Fed. Cost Recovery Fees Litig.*, 396 F.3d 922, 928 (8th Cir. 2005).

Plaintiff should make sure to fully complete the form and provide all required information to the Court, including the Charges of Discrimination filed with the EEOC and the MCHR. Plaintiff should specify all legal grounds for her employment discrimination lawsuit. Plaintiff should detail all facts and describe specific conduct that she believes is discriminatory. Plaintiff is required to set out not only her alleged claims in a simple, concise, and direct manner, but also the facts supporting her claims.

After the filing of Plaintiff's second amended complaint, the Court will review the amended complaint pursuant to 28 U.S.C. § 1915 for frivolousness, maliciousness and/or failure to state a claim. A claim must survive § 1915 review for Plaintiff to proceed in this lawsuit.

As set forth above, if Plaintiff does not file her second amended complaint within twenty-one (21) days of the date of this Memorandum and Order, as well as copies of her Charges of Discrimination and her Notice of Right to Sue from the EEOC, the Court will dismiss this action for failure to comply with a Court Order.

Accordingly,

**IT IS HEREBY ORDERED** that the Clerk of Court shall mail to Plaintiff a blank copy of the Court's Employment Discrimination Complaint form. Plaintiff shall include with her second amended complaint copies of her Charges of Discrimination filed with the EEOC and the MCHR, and her Notice of Right to Sue from the EEOC.

**IT IS FURTHER ORDERED** that, within twenty-one (21) days of the date of this Order, Plaintiff shall file a second amended complaint on the court-provided form and in compliance with the Court's instructions.

**IT IS FURTHER ORDERED** that upon submission of the second amended complaint, the Court shall review this action pursuant to 28 U.S.C. §1915.

**Plaintiff's failure to comply with this Memorandum and Order will result in the dismissal of this action, without prejudice and without further notice.**

Dated this 5th day of April, 2024.

_____
STEPHEN R. WELBY
UNITED STATES MAGISTRATE JUDGE