**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION**

PATRICIA WILLIAMS, )
)
        Plaintiff, )
)
    v. )        Case No. 4:23-CV-1517 SRW
)
FORT ZUMWALT SCHOOL DISTRICT, )
)
        Defendant. )

## OPINION, MEMORANDUM AND ORDER

Before the Court is Plaintiff Patricia William's amended complaint. [ECF No. 6]. After reviewing the amended complaint, the Court will issue process against Defendant Fort Zumwalt School District as to Plaintiff's claims for race discrimination and retaliation in the termination of Plaintiff's employment. Plaintiff's claims under the ADEA and alleging a hostile work environment/harassment, however, will be dismissed. Plaintiff will be given fourteen (14) days to submit a one-paragraph supplement to her second amended complaint indicating the damages she is seeking in this action.

### Background

Plaintiff Patricia Williams filed this employment discrimination action on November 28, 2023, pursuant to Title VII of the Civil Rights Act of 1964 (Title VII), as amended, 42 U.S.C. §§ 2000e, *et seq.,* the Age Discrimination in Employment Act of 1967, (ADEA), 29 U.S.C. §§ 621, *et seq.,* the Americans with Disabilities Act of 1990, (ADA), 42 U.S.C. §§ 12101, *et seq.,* and the Rehabilitation Act of 1973 (Rehab Act), 29 U.S.C. §§ 701, *et seq.* [ECF No. 1].

Plaintiff filed this action against her former employer, Fort Zumwalt School District, and against supervisors Jeremy Moore (Assistant Superintendent) and Jeff Schwepker (Director of Transportation). *Id.* She alleged claims for race discrimination, as well as retaliation, harassment,

and termination of her employment. Because Plaintiff was proceeding in forma pauperis in this matter, the Court reviewed her complaint on December 19, 2023, for frivolousness, maliciousness and failure to state a claim. [ECF No. 5].  The Court ordered Plaintiff to amend her complaint on a Court-provided form due to several problems with Plaintiff's original complaint. *Id.*

First, Plaintiff had failed to indicate her race in the body of her complaint. Additionally, although she was suing for disability discrimination, she had failed to indicate her alleged disability in her complaint. Furthermore, although Plaintiff checked the box for age discrimination under the ADEA, she had failed to note her age in her complaint. Last, Plaintiff had failed to include copies of her Charges of Discrimination with her complaint.[1] Accordingly, the Court was unable to review whether Plaintiff had properly exhausted her administrative remedies with respect to her claims by first allowing the administrative agency to review her allegations.

On January 4, 2024, Plaintiff filed an amended complaint on a Court-provided form along with a plethora of attachments to her complaint. [ECF No. 5]. Plaintiff's filing numbered sixty-two (62) pages in length. In her amended complaint, Plaintiff once again brought claims against her former employer Fort Zumwalt School District, as well as supervisors, Jeremy Moore and Jeff Schwepker.

Plaintiff's claims arose under Title VII, the ADEA, the ADA, the Rehab Act, and Employee Retirement Income Security Act of 1974 (ERISA). She alleged claims for race discrimination, religious discrimination, disability discrimination, as well as retaliation,

---

[1]In her amended complaint, Plaintiff stated that she filed a Charge of Discrimination with the Missouri Commission on Human Rights (MCHR) on March 17, 2023. She also indicated that she filed a Charge of Discrimination with the Equal Employment Opportunity Commission (EEOC) on June 8, 2023. *See* ECF No. 6, p. 3. As set forth, *infra*, neither of these dates match the Charge of Discrimination Plaintiff has provided with her second amended complaint, which was apparently filed on July 12, 2023, with the MCHR.

harassment, failure to promote, failure to accommodate her disability, workers' compensation retaliation and termination of her employment.

Not only were the claims in the amended complaint significantly different than the claims within Plaintiff's original complaint, but despite being told on two prior occasions, Plaintiff failed to provide copies of her Notice of Right to Sue or Charges of Discrimination from the EEOC. Thus, the Court was unable to ascertain whether Plaintiff had properly exhausted her administrative remedies. *See Williams v. Little Rock Mun. Water Works,* 21 F.3d 218, 222 (8th Cir.1994) (noting that administrative remedies are exhausted by the timely filing of a Charge of Discrimination and the receipt of a Notice of Right to Sue).

Accordingly, on April 5, 2024, the Court addressed each of Plaintiff's claims for relief and the prima facie pleading requirements for each separate cause of action. *See* ECF No. 8. The Court identified several areas where Plaintiff's amended complaint was deficient, and again, Plaintiff was told that she needed to provide copies of any Charges of Discrimination she filed with the EEOC and her Notice of Right to Sue so the Court could ascertain whether her claims were timely and like or reasonably related to the claims within her Charge(s*). See, e.g., Paskert v. Kemna-ASA Auto Plaza, Inc.,* 950 F.3d 535, 539 (8th Cir. 2020). Additionally, Plaintiff was again reminded that she could not sue individual defendants under the federal discrimination statutes for employment discrimination. *See Bonomolo-Hagen v. Clay Central-Everly Cmty. Sch. Dist.,* 121 F.3d 446, 447 (8th Cir. 1997); *Bales v. Wal-Mart Stores Inc.,* 143 F.3d 1103, 1111 (8th Cir. 1998); *Walsh v. Nevada Dept. of Human Resources*, 471 F.3d 1033, 1037-38 (9th Cir. 2006). Finally, Plaintiff was required to amend her complaint on a Court-form to correct the pleading deficiencies within her amended complaint. She was told that the second amended complaint would replace the original complaint as well as the amended complaint and any supplemental complaints, and so

it should include all the claims she wished to bring. *E.g., In re Wireless Tele. Fed. Cost Recovery Fees Litig.,* 396 F.3d 922, 928 (8th Cir. 2005).

### The Second Amended Complaint

Plaintiff filed her second amended complaint on a Court-provided form on April 17, 2024. [ECF No. 9]. Although Plaintiff *has not* checked the box indicating she is bringing claims for relief under Title VII on page 1 of her second amended complaint, she states that she is pursuing race discrimination claims against defendant Fort Zumwalt School District on page 5 of the Court-form. *See id*. Similarly, although Plaintiff *has* checked the box on the form complaint for bringing an ADEA claim against Fort Zumwalt, she *has not* checked the box on page 5 of her second amended complaint indicating she is pursuing an age discrimination claim or alleged she is over the age of 40. *See id*.

Under the heading "Nature of Case" on page 4 of the second amended complaint, Plaintiff asserts that she is pursuing claims for termination of her employment, retaliation and harassment. Plaintiff, however, has not completed a "Statement of Claim." Thus, the Court is unable to ascertain whether her claims fall under Title VII or the ADEA. *See id.* Plaintiff, however, has attached to her second amended complaint copies of both her Notice of Right to Sue, as well as her Charge of Discrimination. The Charge of Discrimination was filed with the MCHR on July 12, 2023. *See* ECF No. 9, pp. 16, 20.

Plaintiff has had difficulty following this Court's directions regarding amending her pleading, and the Court believes that submission of a third amended complaint would not assist in moving this action forward. For this reason, the Court will utilize Rule 10(c) of the Federal Rules

of Civil Procedure to incorporate Plaintiff's claims from her Charge of Discrimination into her

second amended complaint by reference.[2] Plaintiff's claims, as stated in her Charge, are as follows:

I.  I am an African-American hired by the above employer, Fort Zumwalt School District, on July 25, 2019, as a Bus Driver. My direct supervisor was Jeff Schwepker, Transportation Manager. My last day of employment was on February 28, 2023.

II.  Throughout my employment during 2020, Janna LNU, AM Dispatcher, played songs over the radio that were offensive to African-Americans. I reported this issue to Mr. Schwepker, and it was resolved, but occurred again a year later. In May of 2022, a student called me a Nigger. I reported this incident to Audrey Coleman, and I believe the student was written up.

III.  On February 28, 2023, Erin Williams, Director of Transportation called me and informed me I was being terminated for talking about a firearm, which had made other co-workers feel uncomfortable. I was asked to sign a resignation letter, however I refused to sign it.

IV.  For the reasons stated above I believe I have been discriminated against due to my race, African-American, and retaliated against for having participated in protected activity in violation of Title VII of the Civil Rights Act, as amended.

ECF No. 9, p. 20.

Plaintiff has not filled out the "Request for Relief" section of the second amended complaint. *See* ECF No. 9, p. 7. She will be allowed to file a one paragraph supplement indicating the damages she is seeking in this action within fourteen (14) days of this Order.

**Legal Standard on Initial Review**

Under 28 U.S.C. § 1915(e)(2), the Court may dismiss a complaint filed in forma pauperis if the action is frivolous or malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. When reviewing a complaint filed by a self-represented person under 28 U.S.C. § 1915, the Court accepts the well-pleaded facts as true, *White v. Clark*, 750 F.2d 721, 722 (8th Cir. 1984), and it liberally construes the complaint. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Haines v. Kerner*, 404 U.S. 519, 520

---

[2]Federal Rule of Civil Procedure 10(c) states, "A copy of a written instrument that is an exhibit to a pleading is a part of the pleading for all purposes."

(1972). A "liberal construction" means that if the essence of an allegation is discernible, the district court should construe the plaintiff's complaint in a way that permits the claim to be considered within the proper legal framework. *Solomon v. Petray*, 795 F.3d 777, 787 (8th Cir. 2015). However, even self-represented plaintiffs are required to allege facts which, if true, state a claim for relief as a matter of law. *Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980); *see also Stone v. Harry*, 364 F.3d 912, 914-15 (8th Cir. 2004) (refusing to supply additional facts or to construct a legal theory for the self-represented plaintiff).

To state a claim for relief, a complaint must plead more than "legal conclusions" and "[t]hreadbare recitals of the elements of a cause of action [that are] supported by mere conclusory statements." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A plaintiff must demonstrate a plausible claim for relief, which is more than a "mere possibility of misconduct." *Id.* at 679. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678. Determining whether a complaint states a plausible claim for relief is a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. *Id.* at 679.

### Discussion

Administrative remedies are exhausted by the timely filing of a Charge of Discrimination and the receipt of a Notice of Right to Sue. *See Williams v. Little Rock Mun. Water Works*, 21 F.3d 218, 222 (8th Cir.1994). Nevertheless, the completion of that two-step process constitutes exhaustion only as to those allegations set forth in the Charges of Discrimination and those claims that are reasonably related to such allegations. *See id.* ("A plaintiff will be deemed to have exhausted administrative remedies as to allegations contained in a judicial complaint that are like or reasonably related to the substance of charges timely brought before the EEOC."); *see also Paskert v. Kemna-ASA Auto Plaza, Inc.,* 950 F.3d 535, 539 (8th Cir. 2020).

Plaintiff's Charge of Discrimination does not include claims arising under the ADEA or detailing a hostile work environment and/or harassment. As such, all claims within her second amended complaint asserting an ADEA claim and/or asserting a hostile work environment or harassment will be dismissed. *See Tart v. Hill Behan Lumber Co.,* 31 F.3d 668, 672-73 (8th Cir. 1994) (discrimination claim in administrative charge was not sufficient to exhaust harassment claim); *Truong v. UTC Aerospace Sys.,* No. 18-CV0941 PJS/BRT, 2020 WL 2441404, at *6 (D.Minn. Jan.27, 2020) (same), *report and recommendation adopted*, 2020 WL 1164590 (D. Minn. Mar. 11, 2020), *aff'd*, 831 F. App'x 229 (8th Cir. 2020) (per curiam); *see also Sallis v. Univ. of Minn.,* 322 F.Supp.2d 999, 1004 n. 1 (D.Minn.2004) ("Age and race are distinct protected categories and the exhaustion of remedies with regard to one does not create a right to sue for the other."), *aff'd*, 408 F.3d 470 (8th Cir.2005). "Although charges of discrimination filed by pro se litigants are to be liberally construed, such liberality does not permit the consideration of a claim that was simply never raised." *Pointer v. Mo. Dept. of Corr.,* 105 Fed. App'x 120, 121 (8th Cir.2004).

Given the aforementioned, the Court will only issue process against defendant Fort Zumwalt School District as to Plaintiff's claims against it for race discrimination and retaliation in the termination of Plaintiff's employment. As noted *supra,* Plaintiff will be given fourteen (14) days to file a one-paragraph supplement indicating the damages she is seeking in this action.

Accordingly,

**IT IS HEREBY ORDERED** that the Clerk shall **STRIKE** Plaintiff's supplemental documents filed as an attachment to her second amended complaint [ECF No. 9] from the Court record and return these documents to Plaintiff. The Court does not accept discovery documents from parties.

- 7 -

**IT IS FURTHER ORDERED** that **within fourteen (14) days from the date of this Order**, Plaintiff shall file a one-paragraph supplement to her second amended complaint indicating the damages she is seeking in this action.

**IT IS FURTHER ORDERED** because Plaintiff is proceeding in forma pauperis in this action, the Clerk shall issue process, or cause process to issue upon the amended complaint as to Plaintiff's claims for race discrimination and retaliation in the termination of Plaintiff's employment pursuant to Title VII against defendant Fort Zumwalt School District, at 555 E. Terra Lane, O'Fallon, Missouri, 63366.

**IT IS FURTHER ORDERED** that Plaintiff's claims against Defendant arising under the Age Discrimination in Employment (ADEA) and/or detailing a hostile work environment/harassment claim are **DISMISSED**. *See* 28 U.S.C. § 1915. A separate Order of Dismissal shall accompany this Memorandum and Order.

**IT IS FURTHER ORDERED** that an appeal of this Order would not be taken in good faith.

Dated this 6th day of May, 2024.

_____
HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE

- 8 -