UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| PATRICIA WILLIAMS, ) </br> ) </br> Plaintiff, ) </br> ) </br> vs. ) </br> ) </br> FORT ZUMWALT SCHOOL DISTRICT, ) </br> ) </br> Defendant. ) | Case No. 4:23-cv-01517-MTS |

## MEMORANDUM AND ORDER

This matter is before the Court on the Motion to Dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) filed by Defendant Fort Zumwalt School District.  Doc. [18]. The Court already has completed a review of this action under 28 U.S.C. § 1915(e)(2)(B) and determined that two of Plaintiff's claims against Defendant survived such review, provided Plaintiff filed a demand for relief to supplement her Second Amended Complaint.  *See* Doc. [10].  Plaintiff did so.  Doc. [13].  Thus, the Court already has determined Plaintiff stated claims against Defendant Fort Zumwalt School District for race discrimination and retaliation in the termination of Plaintiff's employment.  *See* 28 U.S.C. § 1915(e)(2) (providing a court "shall dismiss" a case "that fails to state a claim on which relief may be granted").

After review of the briefing on this Motion and yet another review of Plaintiff's Second Amended Complaint and its exhibits, the Court again concludes that Plaintiff has stated claims against Defendant.  *See Williams v. Target Stores*, 479 F. App'x 26, 28 (8th Cir. 2012) (per curiam) ("[F]ederal rules require that the charge of discrimination and the

complaint be read together." (citing Fed. R. Civ. P. 10(c))); *see also Miller v. Redwood Toxicology Lab'y, Inc.*, 688 F.3d 928, 931 n.3 (8th Cir. 2012).

Plaintiff is pro se.  The Court, therefore, must liberally construe her filings.  *See Stone v. Harry*, 364 F.3d 912, 914 (8th Cir. 2014) (citing *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)); *see also Frey v. City of Herculaneum*, 44 F.3d 667, 671 (8th Cir. 1995) (holding that in civil rights actions a complaint should be liberally construed when determining whether it has stated a cause of action sufficient to survive a motion to dismiss).  Liberally construing Plaintiff's Second Amended Complaint and reading it together with her charge of discrimination, the Court again concludes that Plaintiff has stated claims against Defendant.  Therefore, the Court will deny Defendant's Motion to Dismiss, and a forthcoming Order of the Court will set this matter for a Rule 16 conference.

Accordingly,

**IT IS HEREBY ORDERED** that Defendant Fort Zumwalt School District's Motion to Dismiss, Doc. [18], is **DENIED**.

Dated this 11th day of September 2024.

MATTHEW T. SCHELP
UNITED STATES DISTRICT JUDGE